# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN EDWARD EGERSON II,**
      **Petitioner,**

   v.                                           **Case No. 09-C-437**

**WILLIAM POLLARD,**
      **Respondent.**

## DECISION AND ORDER

On April 30, 2009, John Edward Egerson II filed this petition pursuant to 28 U.S.C. § 2254. The Marinette County Circuit Court convicted petitioner of armed robbery, armed burglary, three counts of false imprisonment, battery, theft, and mistreatment of animals. He was sentenced to 73 years' imprisonment. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

As his first ground for habeas relief, petitioner argues that his conviction violates the Fourth Amendment to the United States Constitution because it was obtained through the use of unlawfully obtained evidence – specifically, recordings of telephone conversations between petitioner and a Michigan resident, Ashley Sadowski. Petitioner argues that the Marinette County Sheriff's Department obtained these recordings illegally. However, Sadowski agreed to record the calls herself with equipment supplied by the department, and

1

thus the recordings were not obtained in violation of the Fourth Amendment. See generally U.S. v. White, 401 U.S. 745 (1971) (Fourth Amendment does not prohibit use of electronic surveillance obtained with the consent of one party to the conversation); accord United States v. Eschweiler, 745 F.2d 435, 437 (7th Cir. 1984); United States v. Craig, 573 F.2d 455, 474 (7th Cir. 1977); United States . Bastone, 526 F.2d 971, 978 (7th Cir. 1975), overruled on other grounds by United States v. Read, 658 F.2d 1225, 1236 n.7 (7th Cir. 1981); United States v. Quintana, 508 F.2d 867, 872 n.3 (7th Cir. 1975). Although petitioner argues that the sheriff's department obtained the recordings in violation of Michigan law and that the Wisconsin court admitted the recordings in violation of a Wisconsin statute, these matters are not cognizable on habeas review because they are matters of state law. See, e.g., Perruquet v. Briley, 390 F.3d 505, 512 (7th Cir. 2004) ("[E]rrors of state law in and of themselves are not cognizable on habeas review."). Further, even if the admission of the recordings could somehow be deemed to implicate the Fourth Amendment, a state prisoner may not be granted federal habeas relief on the ground that a state court failed to exclude evidence obtained in violation of the Fourth Amendment. Stone v. Powell, 428 U.S. 465 (1976). Therefore, petitioner's Fourth Amendment claim must be dismissed.

As his second ground for habeas relief, petitioner argues that he was deprived of his due process right to a procedurally fair legal process in violation of the Fifth and Fourteenth Amendments. However, petitioner does not explain this claim or identify the facts that form the basis of it, and for this reason the petition does not comply with Rule 2(c)(2) of the Rules Governing § 2254 Cases. Presumably, petitioner means to argue that the admission of the recordings in violation of Michigan and/or Wisconsin law deprived him of due process. If this is so, however, petitioner's claim fails because the possibility that the recordings were admitted in violation of state law does not implicate the due process clause. As noted, state

law errors are not usually cognizable on habeas review. In rare cases, state law errors might amount to a constitutional violation, such as where the state court makes a series of evidentiary rulings that deprives the defendant of his Sixth Amendment right to present a defense. See, e.g., Simonson v. Hepp, 549 F.3d 1101, 1106 (7th Cir. 2008). But in the present case, even if admission of the recordings were contrary to state law, I can identify no basis for concluding that their admission deprived petitioner of a fundamentally fair trial or otherwise deprived him of a right secured by the Constitution. Petitioner had no right to expect that Sadowski would not record her conversations with him and turn them over to the authorities. E.g., U.S. v. White, 401 U.S. at 752 ("Inescapably, one contemplating illegal activity must realize and risk that his companions may be reporting to the police.") Although petitioner argues that a Wisconsin sheriff had no authority to travel to Michigan and help a Michigan resident record her telephone conversations, whether the sheriff exceeded the bounds of his jurisdiction in assisting Sadowski had no bearing on the fairness of petitioner's trial. Therefore, petitioner's due process claim must be dismissed.

For the reasons stated, **IT IS ORDERED** that pursuant to Rule 4 of the Rules Governing § 2254 Cases, this petition is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 29 day of May, 2009.

/s_____
LYNN ADELMAN
District Judge